UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS LLC,<br><br>                              Plaintiff,<br>          v.<br><br>JESUS RAMIREZ ET AL,<br><br>                              Defendant. | **MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>21-CV-5007 (LDH) (PK) |

LASHANN DEARCY HALL, United States District Judge:

## BACKGROUND

On September 7, 2021, Plaintiff filed a complaint against the Defendants for a violation of federal statutes, including the Federal Communications Act of 1934 ("FCA"), Title 47 U.S.C. § 605, *et seq.* and The Cable & Television Consumer Protection and Competition Act of 1992, Title 47 U.S. § 553, *et seq.* Defendants failed to answer. Plaintiff filed a request for a certificate of default on November 11, 2021 (ECF No. 8), the clerk entered the default on November 16, 2021 (ECF No. 10) and on January 10, 2022, Plaintiff filed a motion for default judgment (ECF No. 13). On August 1, 2022, Magistrate Judge Peggy Kuo filed a report and recommendation ("R&R"), recommending that (1) Plaintiff's motion for default judgment be granted; (2) Plaintiff be awarded $1,400 in statutory damages, for which both Defendants are jointly and severally liable; (3) Plaintiff be awarded $2,800 in enhanced damages, for which only one Defendant, El Pedregal, is liable; and (4) Plaintiff's counsel be allowed to move for pre- and post-judgment interest, attorney's fees and costs within 30 days after the entry of default judgment against Defendants. (R&R 15, ECF No. 14.) Defendants timely objected.

1

**STANDARD OF REVIEW**

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. *Id*. Where there are no objections to portions of the report, the district court "'need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

**DISCUSSION**

**I.     MOTION FOR DEFAULT JUDGMENT**

Judge Kuo recommended that Plaintiff's motion for default judgment be entered. Plaintiff does not object to Judge Kuo's recommendation. Judge Kuo's report and recommendation to enter a default judgment is GRANTED.

**II.    STATUTORY DAMAGES**

As set out above, Plaintiff brought claims against the Defendants for violating the FCA when Defendants broadcasted a fight program without paying a license to the Plaintiff. (R&R 3–4.) Pursuant to the FCA, a plaintiff may elect to receive actual damages or statutory damages, and can also seek enhanced damages for willful conduct. 47 U.S.C. § 605(e)(3)(C)(i-ii). Plaintiff elected to receive statutory rather than actual damages in the amount of $4,200. (Pl.'s Mem. Default J. at 4–5, ECF No. 13-1.)

In evaluating the amount of statutory damages that Plaintiff should be awarded, Magistrate Judge Kuo noted that courts in the Second Circuit award statutory damages based on

the greater of two calculations—the per-person method and the flat-fee method. (R&R 11.) Under the per-person method, a "residential" per-person fee is multiplied by the number of patrons who allegedly viewed the unlawful broadcast. (*Id*.) Under the flat-fee method, damages are equal to the amount the defendants would have paid had they received authorization to broadcast the event lawfully, such as a licensing fee. (*Id*.) Magistrate Judge Kuo held that because Plaintiff failed to provide information on what the per-person residential fee would be, she would apply the flat-fee method. (*Id*.) In employing the flat-fee method, Judge Kuo awarded statutory damages in the amount of $1,400, which is equal to the sublicense fee Defendants would have paid if Plaintiff lawfully licensed the broadcast of the program. (*Id*. at 12–13.) Magistrate Judge Kuo held that the flat-fee approach was appropriate in light of it being a "well-recognized approach taken by courts in this Circuit". (*Id*. at 12.) Moreover, Magistrate Judge Kuo rejected Plaintiff's argument that statutory damages should be trebled to $4,200 as a deterrent for future unlawful conduct because such an amount is both unnecessary and the award of enhanced damages will have "the same deterrent effect". (*Id*.)

Plaintiff objects to Magistrate Judge Kuo's award of $1,400. Specifically, Plaintiff argues that Judge Kuo should have departed altogether from using the established flat-fee and per-person methods to calculate statutory damages. (Pl.'s Obj. R&R 4 ("Pl.'s Obj."), ECF No. 16; Pl.'s Mem. Default J. at 6.) Instead, Plaintiff urge the Court to fix damages at $4,200—three times the licensing fee. (Pl.'s Obj. 4.) In pressing for this deviation, Plaintiff complains that the admittedly well-recognized approaches are "too punitive to the plaintiff and too beneficial to the [D]efendants". (Pl.'s Mem. Default J. at 5–9; Pl.'s Obj. 3–4.) According to Plaintiff, an alternative approach would more adequately deter wrongdoers whereas the flat-fee and per-person methods "create a perverse incentive for an individual to attempt to break the law". (Pl.'s

3

Mem. Default J. at 6–10.)  Plaintiff's concerns are not wholly unjustified.  However, this Court finds, as Judge Kuo did, that the award of enhanced damages sufficiently addresses deterrence and therefore allays any concern the Court might have in that regard.

Plaintiff further asserts that even if the Court does not deviate from using both methods, Magistrate Judge Kuo should have assessed damages under the per-person method, compared it against the flat-fee method to determine which calculation yields the highest damages award and awarded damages in the higher amount.  (Pl.'s Obj. 4–5.)  Certainly that would be optimal.  However, Plaintiff admittedly failed to provide Judge Kuo with a residential fee to apply to a per-person calculation.  Plaintiff's argument that in the absence of such information, Judge Kuo could have simply assumed a residential fee of $54.95 as other courts have, is undermined by the fact that Plaintiff actually presses this Court to use a $100 residential fee.  In any event, Plaintiff has failed to identify any legal error committed by Judge Kuo in employing the flat-fee methodology.  And, if Plaintiff wanted Judge Kuo to use the per-person method, they could have and should have ensured she had all the information necessary to do so.

### III. ENHANCED DAMAGES

#### A. Amount of Enhanced Damages

Plaintiff objects to Magistrate Judge Kuo's calculation of enhanced damages.  Judge Kuo considered five main factors that courts typically look to when determining whether enhanced damages are warranted.  These factors include, but are not limited to, whether the defendant repeatedly violate the FCA statute, the extent of the defendant's unlawful monetary gains and whether the defendant collected a cover charge.  (R&R 13–14.)  Magistrate Judge Kuo held that because three of the five factors have been proven, courts will typically award twice the statutory damages, viewing it as an "adequate recovery for Plaintiff" and to help "deter[] future

violations". (*Id*. 15.) Plaintiff objects, requesting the Court use a multiplier of three rather than two. (Pl.'s Obj. 7.) Plaintiff points out that some courts have employed a multiplier of three and asks the Court to do the same, resulting in an award of $12,600 in enhanced statutory damages. (*Id*. at 7–8.) Here again, this Court finds no error in Judge Kuo's approach and Plaintiff has identified none. Plaintiff's objection to an award of $2,800 in enhanced damages is overruled.

### B. Liability of Defendant Ramirez

Plaintiff launches a final objection regarding who should be liable to pay the enhanced damages. Magistrate Judge Kuo found Defendant Ramirez vicariously liable, but held that Plaintiff failed to show that enhanced damages should be awarded against Defendant Ramirez as opposed to just Defendant El Pedegral. (R&R 9–10, 14.) Magistrate Judge Kuo concluded that despite Defendant Ramirez being an owner of the establishment that broadcasted the program, Plaintiff failed to present evidence showing that Ramirez was personally involved in the unlawful broadcast or knew that the fight was happening unlawfully. (*Id.* 14.) Plaintiff does not identify any fact overlooked by Judge Kuo that might demand a different conclusion and this Court agrees with her initial assessment.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Bloom's R&R is ADOPTED in its entirety as the opinion of this Court.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
September 30, 2022   LaSHANN DeARCY HALL
   United States District Judge