UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
:
G & G CLOSED CIRCUIT EVENTS LLC,   :
:
       Plaintiff,   :
:
  -against-   :
:   **REPORT AND**
JESUS RAMIREZ, individually and d/b/a EL   :   **RECOMMENDATION**
TRONO DE MEXICO SPORTS BAR; and   :
EL PEDREGAL RESTAURANT CORP.,   :   21-CV-5007 (LDH)(PK)
d/b/a EL TRONO DE MEXICO SPORTS   :
BAR,   :
:
       Defendants.   :
:
------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

    G & G Closed Circuit Events LLC ("Plaintiff") brought this action against El Pedregal Restaurant Corp. d/b/a El Trono De Mexico Sports Bar ("El Pedregal") and its owner and principal Jesus Ramirez ("Ramirez" and, together with El Pedregal, "Defendants").

    On September 30, 2022, the Court granted Plaintiff's Motion for Default Judgment (Dkt. 13), finding that Defendants violated the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. §§ 553 and 605 *et seq.*, by intercepting and broadcasting its closed-circuit telecast of a boxing match without paying the requisite sublicensing fee, and awarding Plaintiff $2,000.00 in statutory damages and $2,800.00 in enhanced damages under 47 U.S.C. § 605. *G & G Closed Cir. Events LLC v. Ramirez*, No. 21-CV-5007 (LDH)(PK), 2022 WL 16755271, at *8 (E.D.N.Y. Aug. 1, 2022), *report and recommendation adopted sub nom. G&G Closed Cir. Events LLC v. Ramirez*, No. 21-CV-5007 (LDH)(PK), 2022 WL 4596752 (E.D.N.Y. Sept. 30, 2022). The Court granted Plaintiff's counsel leave to move for pre- and post-judgment interest, attorney's fees and costs within 30 days after the entry of default judgment against Defendants. *Id.*

1

On August 30, 2022, prior to being granted leave, Plaintiff filed the Motion for Attorneys' Fees and Costs. ("Motion," Dkt. 17.) In support, Plaintiff also submitted a Memorandum in Support of the Motion ("Pl. Mem.," Dkt. 17-1), a Declaration of Plaintiff's Counsel in Support of Motion for Attorneys' Fees and Costs ("Loughlin Decl.," Dkt. 17-2 at 1-3 (all references to ECF pagination)), a record of attorneys' fees and costs (Ex. 1 to the Loughlin Decl., "Fee Statement," Dkt. 17-2 at 4-7), an invoice for "Remote Risk Management" (Ex. 2 to the Loughlin Decl., "Auditor Bill," Dkt. 17-2 at 8-9), and process server invoices (Ex. 3 to the Loughlin Decl., "Process Server Bills," Dkt. 17-2 at 11-13).

The Honorable LaShann DeArcy Hall has referred the Motion to me for a report and recommendation. For the reasons stated below, I respectfully recommend that the Motion be granted in part and denied in part.

## DISCUSSION

Plaintiff seeks an award of $2,225.00 in attorneys' fees and $1,203.08 in costs. (Pl. Mem. at 4 (all references to ECF pagination).) The FCA provides for an award of attorneys' fees and costs to a prevailing plaintiff in a Section 605 case. *See* 47 U.S.C. § 605(e)(3)(B)(iii).

### I. Attorneys' Fees

Plaintiff seeks $1,505.00 in fees for 4.3 hours of attorney time and $720.00 in fees for 7.2 hours of paralegal time. (*See* Fee Statement at 5-6.) "The court has discretion to determine the amount of attorneys' fees appropriate to satisfy a fee award." *Zuffa, LLC v. South Beach Saloon, Inc.*, No. 15-CV-6355 (ADS)(AKT), 2019 WL 1322620, at *6 (E.D.N.Y. Mar. 6, 2019), *R&R adopted*, 2019 WL 1317568 (E.D.N.Y. Mar. 22, 2019) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "[T]he lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d

2

Cir. 2008)).

"[A]bsent unusual circumstances[,] attorneys are required to submit *contemporaneous* records with their fee applications" to document the hours reasonably billed. *See Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) ("*Scott I*") (emphasis added) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)). The Second Circuit has made clear that this is "a strict rule from which attorneys may deviate only in the rarest of cases." *Scott I*, 626 F.3d at 133. Such exceptions may include events outside the attorneys' control, "such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application." *Id.* at 134.

Plaintiff has not submitted contemporaneous records; the records submitted in support of the Motion were reconstructed by reviewing the file. (*See* Pl. Mem. at 2; Loughlin Decl. ¶ 6 ("Billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves.").) Unlike in *Joe Hand Promotions, Inc. v. Dilone*, No. 19-CV-871 (NGG)(RML), 2020 WL 2572271, at *6 (E.D.N.Y. Jan. 23, 2020), *R&R adopted in part*, 2020 WL 1242757 (E.D.N.Y. Mar. 16, 2020), Plaintiff does not argue that the reconstructed records were "produced based upon a compilation of contemporaneous records kept in the regular course of business." *Cf. id.* at *6. Plaintiff does not state that any form of contemporaneous recordkeeping was performed. Rather, Plaintiff asserts, "[h]aving handled thousands of commercial signal piracy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered." Loughlin Decl. ¶ 6. Such generic estimates of billable time are insufficient to support an award of attorneys' fees. Plaintiff does not present any "rare circumstances" that justify an exception to the general rule requiring contemporaneous records.[1] *See Scott I*, 626 F.3d at 134.

---

[1] Plaintiff's reliance on *Joe Hand Promotions, Inc. v. Albright*, No. 11-CV-2260 (WBS)(CMK), 2013 WL 4094403, at *3 (E.D. Cal. Aug. 13, 2013) is misplaced. While the California District Court there allowed the use of

3

Numerous courts in this Circuit, including this Court, have rejected this same counsel's requests for attorneys' fees in similar cases when counsel failed to provide contemporaneous time records. *See, e.g., J & J Sports Prods., Inc. v. Cineus*, No. 18-CV-5109 (AMD)(PK), 2021 WL 2554045 (E.D.N.Y. May 30, 2021), *report and recommendation adopted*, No. 18-CV-5109 (AMD)(PK), 2021 WL 2550586 (E.D.N.Y. June 21, 2021) ("Counsel has long been on notice that he must submit contemporaneous time record in support of a fee application, yet he has failed to do so here. This failure to heed repeated admonitions by courts is inexplicable and inexcusable."); *J & J Sports Prods., Inc. v. Guncay*, No. 18-CV-2097 (FB)(RML), 2019 WL 1876830, at *1 (E.D.N.Y. Apr. 26, 2019) ("As courts in this district have warned before, counsel would do well to maintain contemporaneous records in the future.") (citing *Joe Hand Promotions, Inc. v. Kings Point Rest., Inc.*, No. 17-CV-01870 (MKB), 2017 WL 6611705, at *10 (E.D.N.Y. Nov. 3, 2017)); *G&G Closed Cir. Events, LLC v. Vasquez*, No. 20-CV-2030 (RJD)(SMG), 2020 WL 8167387, at *4 (E.D.N.Y. Dec. 27, 2020), *R&R adopted*, 2021 WL 135721 (E.D.N.Y. Jan. 14, 2021); *see also J & J Sports Prods., Inc. v. Silvestre*, No. 18-CV-3731 (PGG)(JLC), 2019 WL 179810, at *5 (S.D.N.Y. Jan. 14, 2019), *R&R adopted*, 2019 WL 3297080 (S.D.N.Y. July 22, 2019). Despite repeated admonitions, counsel has yet again failed to submit contemporaneous time records in support of a fee application.

Plaintiff notes that "fees that can reasonably be ascertained via reference to Court filings, even if not contemporaneous per se, may be recovered…" (Pl. Mem. at 3.) *See Scott v. City of New York*, 643 F.3d 56, 59 (2d Cir. 2011) ("*Scott II*") ("entries in official court records (e.g. the docket, minute entries, and transcriptions of proceedings) may serve as reliable documentation of an attorney's compensable hours in court at hearings and at trial and in conferences with the judge or other court personnel"). However, "attorneys seeking fees must point to entries in the official court records that

---

reconstructed time records without contemporaneous records, the Second Circuit rule requiring contemporaneous records is binding on this Court. *See Scott I*, 626 F.3d at 133.

specifically and expressly demonstrate their presence before the court and indicate with reasonable certainty the duration of that presence." *Id.* In this case, Attorney Joseph Loughlin has billed one hour for "[p]reparation and appearance at 12/14/21 conference." (Fee Statement at 6; Loughlin Decl. ¶ 8.) A review of the Court's docket shows that on December 14, 2021, Attorney Robert Hunter appeared on behalf of Plaintiff at an initial conference by telephone for a total of eight minutes. (Minute Entry dated Dec. 14, 2021.) Joseph Loughlin, the attorney seeking fees, was not present at this conference, and the hour billed does not reflect the actual duration of conference.

The undersigned therefore finds that Plaintiff has provided insufficient support for its fee application, and respectfully recommends that the Motion be denied as to attorneys' fees.

**II. Costs**

The FCA also provides for an award of costs. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks $1,203.08 in costs. (Pl. Mem. at 4.) "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Monge v. Glen Cove Mansion Hosp., LLC*, No. 18-CV-7229 (SJF)(SIL), 2020 WL 1666460, at *9 (E.D.N.Y. Apr. 2, 2020) (quoting *Volpe v. Nassau Cnty.*, No. 12-CV-2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016)).

The $402.00 filing fee is noted on the docket. *See Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-06476 (ARR)(PK), 2020 WL 5519200, at *7 (E.D.N.Y. Aug. 27, 2020), *R&R adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020). The undersigned therefore finds that the $402.00 filing fee has been adequately documented.

With respect to Plaintiff's request for costs associated with service of process, Plaintiff submitted two invoices from Rondout Legal Services: one invoice for $101.52 for service of the Summons and Complaint on Defendant Jesus Ramirez, and one invoice for $89.56 for service of the Summons and Complaint on Defendant El Pedregal Restaurant Corp. (*See* Process Server Bills.) The undersigned finds that Plaintiff's two invoices for $101.52 and $89.56 for successful service of the

5

Complaint on the Defendants are reasonable.

Finally, Plaintiff seeks $610.00 in investigative costs. Some courts, including courts in this district, have declined to award investigator fees at all. *See J & J Sports Prods., Inc. v. Garcia*, 06-CV-4297 (GBD)(HBP), 2011 WL 1097538, at *6 (S.D.N.Y. Mar. 1, 2011), *R&R adopted*, 2011 WL 1046054 (S.D.N.Y. Mar. 22, 2011) (citing cases). Even those that have considered awarding investigator fees have required contemporaneous time records. *Vasquez*, 2020 WL 8167387, at *5 ("Like attorney's fees, parties 'requesting investigative costs must supply contemporaneous time records to substantiate the fee request.'" (quoting *J & J Sports Prods., Inc. v. Rodrigues*, No. 05-CV-5805 (RJD), 2007 WL 1726462, at *9 (E.D.N.Y. Apr. 19, 2007))). In support of its request for investigative expenses, Plaintiff submitted an invoice from the Law Office of Thomas P. Riley, P.C. (*See* Auditor Bill.) Although several lines of the invoice are redacted, the third line is not, and lists a charge of $610.00. (*Id.*) The invoice does not list for which event or service the investigative services were provided, but does name the establishment "El Trono de Mexico, Woodside NY." (*Id.*) Plaintiff's counsel states that "the fee for the auditor's investigation in this case is a reasonable fee," without reference to any activities undertaken by the "auditor" or the auditor's qualifications and hourly rate. (Loughlin Decl. ¶ 9.)

Courts routinely deny requests for investigative costs when plaintiffs fail to submit contemporaneous time records to substantiate the request. *See, e.g., Joe Hand Promotions, Inc. v. Disla*, No. 19-CV-788 (NG)(SMG), 2020 WL 2572268, at *7 (E.D.N.Y. Feb. 3, 2020), *R&R adopted*, 2020 WL 3451659 (E.D.N.Y. June 24, 2020); *G&G Closed Cir. Events, LLC v. Llanos*, No. 20-CV-7388 (KMK), 2021 WL 1581079, at *2 (S.D.N.Y. Apr. 22, 2021) (rejecting same proof as here and citing cases rejecting same). Without supporting documentation detailing who the investigator or auditor was, what that person's qualifications were, what that person did and how long it took, the Court

cannot assess whether the requested fees are reasonable.[2] Therefore, the request for investigative fees should be denied.

Accordingly, the undersigned respectfully recommends that Plaintiff's request for costs be granted only as to the filing fee of $402.00 and service of process fees of $191.08.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the Motion be denied as to attorneys' fees and granted in part as to costs, and that Plaintiff be awarded $593.08 in total costs.

Plaintiff is directed to serve this Report and Recommendation on Defendants forthwith and file proof of service on the docket by August 14, 2023. Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         August 11, 2023

---

[2] An affidavit of Ashley Santangelo, who identifies herself as an investigator, was filed in support of Plaintiff's Motion for Default Judgment. (Exhibit 5 to the Declaration of Joseph Loughlin, Dkt. 13-3 at 28-30 (ECF pagination).) In it, Santangelo states that she entered El Trono de Mexico at 11:15 pm on November 2, 2019, paid $10 to enter the establishment, and left at 11:45 pm the same day. (*Id*) Even if the Court were to consider Santangelo's statements in deciding this Motion, Plaintiff does not support the reasonableness of its request for investigative fees.